IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| WILLIAM D. GLOVER and LINDA GLOVER, his wife; RICHARD A. GLOVER and CHRISTY L. GLOVER, his wife; and GOSHORN RIDGE, LLC, Individually, and on Behalf of All Others Similarly Situated,<br><br>          Plaintiffs,<br><br>  v.<br><br>EQT CORPORATION, a Pennsylvania corporation; EQT PRODUCTION COMPANY, a Pennsylvania corporation; EQT ENERGY, LLC, a Delaware limited liability company; EQT GATHERING, LLC, a Delaware limited liability company; and EQM MIDSTREAM PARTNERS, LP, a Delaware limited partnership,<br><br>          Defendants. | Case No.  5:19-cv-223-JPB |

### EQT DEFENDANTS' MOTION TO COMPEL PLAINTIFFS TO PRODUCE REQUESTED DISCOVERY ON <u>ADEQUACY UNDER FEDERAL RULE OF CIVIL PROCEDURE 23(a)(4)</u>

Pursuant to Federal Rule of Civil Procedure 37(a), Defendants EQT Corporation ("EQT Corp."), EQT Production Company ("EQT Production"), EQT Energy, LLC ("EQT Energy"), EQT Gathering, LLC ("EQT Gathering"), and EQM Midstream Partners, LP ("EQT Midstream") (collectively, the "EQT Defendants") file this Motion to Compel Plaintiffs William D. Glover, Linda K. Glover, Richard A. Glover, Christy L. Glover, and Goshorn Ridge LLC (collectively, "Plaintiffs") to Produce Requested Discovery on Adequacy Under Federal Rule of Civil Procedure 23(a)(4) ("Motion").

1

**INTRODUCTION**

Plaintiffs object to producing communications exchanged between Plaintiffs' counsel, Mr. Marvin Masters, and putative class members (and EQT royalty owners) during Mr. Masters' prior royalty class action lawsuit against EQT Defendants, *The Kay Co., LLC v. EQT Prod. Co.*, No. l:13-CV-151 (N.D.W. Va.) ("*Hamric*"). These documents are facially relevant to the adequacy of the putative class's counsel under Rule 23(a)(4). Plaintiffs object on two grounds: (1) relevance, and (2) the attorney-client privilege. Both of Plaintiffs' objections lack merit.

*First*, the communications between Plaintiffs' counsel and then-putative class members in the prior royalty class action against EQT Defendants—which relate to EQT Defendants' royalty payments for natural gas—are plainly relevant to the adequacy of Plaintiffs counsel's representation. As the *Hamric* litigation concerns the same issues present in this case, documents from that case bear directly on whether the potential prior representation creates a conflict between Plaintiffs' counsel and putative class members in this case..

*Second*, Plaintiffs either misstate or misunderstand the assertion of the attorney-client privilege. As this Court has held in this case, **no attorney-client relationship exists between class counsel and the putative members of the class prior to class certification**. *See* Order Denying Defendants' Discovery [ECF No. 110], at 11. Plaintiffs cannot, on the basis of privilege, withhold communications that this Court has already ruled are not privileged.

In the interest of justice and as a matter of due process, EQT Defendants move to compel Plaintiffs to produce the requested discovery to assist both EQT Defendants and this Court in assessing the adequacy of Plaintiffs and their counsel—a requirement that must be satisfied prior to the certification of any class in this case. As set forth more fully herein, the Court should

compel Plaintiffs to produce the non-privileged and relevant discovery as requested by EQT Defendants.

## FACTUAL BACKGROUND

On June 10, 2021, EQT Defendants served Defendants' Second Set of Interrogatories, Requests for Production and Requests for Admission on Adequacy Under FRCP 23(a)(4)[1] on Plaintiffs. Among other items, Defendants requested Plaintiffs to produce documents and communications that were exchanged between Plaintiffs' counsel, Mr. Marvin Masters, and then-putative *Hamric* class members during the pendency of that litigation and prior to certification of the *Hamric* class. Specifically, in Request for Production No. 1, Defendants request production of:

> REQUEST FOR PRODUCTION NO. 1:
>
> Documents between any plaintiff in the *Huey* Litigation and Plaintiffs' Counsel, Mr. Marvin Masters, prior to certification of the class in the *Hamric[k]* Litigation, including, but not limited to, the following Communications:
>
> (a) March 15, 2016 Correspondence from Marcus Huey to Marvin Masters;
>
> (b) April 6, 2016 E-mail from Marcus Huey to Marvin Masters and Matter Perry;
>
> (c) April 18, 2016 E-mail from Marcus Huey to Marvin Masters and Matter Perry;
>
> (d) June 3, 2016 Correspondence from Marcus Huey to Marvin Masters; and
>
> (e) June 15, 2016 E-mail from Marcus Huey to Marvin Masters (and others).

In response to Request for Production No. 1, Plaintiffs objected on the basis of relevance and privilege. *See* Pls.' Responses and Objections to Defendants' Second Requests on Adequacy

---

[1] EQT Defendants' Second Set of Interrogatories, Requests for Production and Requests for Admission on Adequacy Under FRCP 23(a)(4) (the "Second Requests on Adequacy") (attached as **Exhibit 1**).

(attached as **Exhibit 2**). But EQT Defendants seek Plaintiffs counsel's communications with individuals represented by ***different counsel*** in a ***different lawsuit*** against EQT Defendants—not counsel's communications with his clients in this or any other action where he was retained. In further response to EQT Defendants' request, Plaintiffs confirmed this fact, directing EQT Defendants to the pleading filed by Plaintiffs' counsel in the *Huey* litigation. *See* The Masters Law Firm Reply in *Huey* Litigation (attached as **Exhibit 3**). In that filing, Mr. Masters stated:

- Mr. Masters' communications with Marcus Huey in 2016 "related to EQT's payments, or lack thereof, for [ ] natural gas holdings."

- "[N]either [Mr. Marvin Masters] nor [his] law firm ever agreed to represent [Marcus Huey]."

By letter dated August 4, 2021, EQT Defendants requested a date to meet and confer to discuss Plaintiffs' objections to Request for Production No. 1, and explained why the information sought in Request for Production No. 1 is relevant and not subject to the attorney-client privilege. *See* August 4, 2021 Letter from L. Varnado (attached as **Exhibit 4**). Plaintiffs' counsel did not respond to this letter.

On August 25, 2021, counsel for EQT Defendants e-mailed Plaintiffs' counsel again to request a time to meet and confer regarding Plaintiffs' objections to Defendants' Second Requests on Adequacy. *See* August 25, 2021 E-mail from J. Koppell (attached as **Exhibit 5**).

On August 27, 2021, counsel for the parties conferred by telephone. During the conference, Plaintiffs' counsel confirmed that Plaintiffs maintained their relevance and privilege objections, and would not produce the documents and communications requested by EQT Defendants in Request for Production No. 1 unless ordered to do so by this Court. Accordingly, the parties are at an impasse, and on this basis, EQT Defendants file this Motion to compel Plaintiffs to produce communications that this Court has already ruled are not privileged and are plainly relevant in assessing the adequacy of Plaintiffs' counsel under Rule 23(a)(4).

4

**ARGUMENT**

I.  **The Requested Communications Are Plainly Relevant to the Adequacy of Plaintiffs' Counsel Under Rule 23(a)(4).**

Plaintiffs' relevance objection to Request for Production No. 1 is similarly misplaced. To begin, the requested communications between Mr. Masters and Marcus Huey are relevant as the communications "relate[ ] to EQT's payments, or lack thereof, for [ ] natural gas holdings"—the very same facts and claims at issue in this lawsuit, and concerns the same conduct by EQT that is at issue in this case. *See* **Ex. 3**, at 1.

While Plaintiffs' counsel says he was "considering" representing Marcus Huey in 2016, neither Mr. Masters nor his law firm could have represented, consulted with, or provided legal advice to Marcus Huey about potential claims against EQT in 2016 because Marcus Huey's claim that his oil and gas lease terminated decades earlier directly conflicted with the interests of Mr. Masters' clients that argued to include Mr. Huey's lease in the *Hamric* class. *See* Hamric Pls.' Motion to Certify (attached as **Exhibit 6**), at 30.

Consequently, it appears one of two things is true. Either: (1) Marcus Huey and Plaintiffs' counsel, Mr. Marvin Masters, did not have an attorney-client relationship in 2016 and their communications are not privileged; or (2) Plaintiffs' counsel created an intra-class conflict in *Hamric* by consulting with Marcus Huey—a then-putative class member who contends that his lease terminated—and Plaintiffs' counsel did not disclose his separate representation and the conflict created thereby to the Court, or to his Hamric clients, prior to class certification in violation of the West Virginia Rules of Professional Conduct. *See, e.g.,* W. VA. RULE OF PROF. CONDUCT 4.3 ("The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure counsel, if the lawyer knows or reasonably should know that the interests of

5

such a person are or have a reasonable possibility of being in conflict with the interests of the client.").

Federal precedent is clear that putative class counsel's conduct in other class action cases, including violations of professional rules and ethics, should be considered by this Court in testing the adequacy of representation by Plaintiffs' counsel under Rule 23(a)(4). *See, e.g., Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011), as modified, (Sept. 22, 2011) (affirming district court's finding that putative class counsel was inadequate based, in part, on counsel's lack of diligence and "faulty discovery efforts" in a prior class action); *see also Sharp Farms v. Speaks*, 917 F.3d 276, 293–94 (4th Cir. 2019) (discussing putative class counsel's violations of professional rules and ethics in assessing adequacy of representation under FRCP 23(a)(4)).[2]

Similarly, communications concerning between Plaintiffs' counsel and the putative class members in *Hamric* could expose a conflict in how counsel views appropriate methodologies for natural gas liquids deductions. The taking of inconsistent prior positions from thoe staked out in this case jeopardizes class counsel's credibility and bears directly on their adequacy to represent the class.

---

[2] Plaintiffs also object to producing the responsive communications between Plaintiffs' counsel and Marcus Huey on the basis that it would be "unreasonably burdensome." **Ex. 2**, at 6-7. This objection is meritless. EQT Defendants' Request for Production No. 1 is limited in time and scope. It seeks only communications and documents between Mr. Marvin Masters and Marcus Huey (and/or any other "West Heir"). With e-mail communications, the prevalence of inbox search functions and Mr. Masters' presumably well-organized system for storing and filing documents, it should not take "investigative efforts burdensome to the point of oppression," as Plaintiffs contend, to collect and produce the requested communications.

**II.     Communications Between Plaintiffs' Counsel and Then-Putative Class Member, Marcus Huey, Prior to Certification of the *Hamric* Class Are Not Privileged.**

Plaintiffs are improperly withholding non-privileged documents and communications that were exchanged between Plaintiffs' counsel and *Hamric* putative class members prior to this Court's certification of the *Hamric* Class. Specifically, EQT Defendants move to compel e-mails and correspondence exchanged between Plaintiffs' counsel, Mr. Marvin Masters, and EQT royalty owner Marcus Huey in the spring and summer of 2016.

The attorney-client privilege did not, and could not, attach to these communications. In 2016, when Plaintiffs' counsel, Mr. Masters corresponded with Marcus Huey and the so-called "West Heirs," he was representing the named plaintiffs in the then-putative royalty class action lawsuit, *Hamric*. *See* Huey Pls.' Privilege Log (attached as **Exhibit 7**). No class had been certified by the Court when Mr. Masters and Marcus Huey exchanged the communications and documents requested in Request for Production No. 1. *See* **Ex. 6**.

It is black letter law that "prior to class certification there is no lawyer-client relationship between the plaintiff's counsel and the putative class members." *The Kay Co., LLC v. Equitable Prod Co.,* 246 F.R.D. 260, 264 (S.D.W. Va. 2007); *see also Good v. W Virginia-Am. Water Co.,* No. 2:14-01374, 2016 WL 6404006, at *2 (S.D.W. Va. Oct. 26, 2016) ("[C]lass counsel enjoy an attorney-client relationship with members of the class following certification and the opt-out period."); *In re Wells Fargo Wage and Hour Emp't Practice Litig. (No. III)*, No. H-11-2266, 2014 WL 1882642, at *5 (S.D. Tex. May 12, 2014) (A "client-lawyer relationship with a potential member of the class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired"); *Vallone v. CNA Fin. Corp.*, No. 98-C-7108, 2002 WL 1726524, at *1 (N.D. Ill. Mar. 19, 2002) (holding that the attorney-client privilege did not attach between putative class counsel and putative class members and granting

defendants' motion to compel supplemental discovery of questionnaires); *Hammond v. City of Junction City, Kansas*, 167 F. Supp. 2d 1271, 1286 (D. Kan. 2001) ("It is fairly well-settled that prior to class certification, no attorney-client relationship exists between class counsel and the putative class members."); *Schick v. Berg*, 430 F.3d 112, 116-17 (2d. Cir. 2005) (holding that, for malpractice purposes, unnamed class members are not clients of class counsel until the class is certified).

In accordance with long-standing federal jurisprudence, this Court stated in its recent order denying discovery from absent putative class members, ***no attorney-client relationship exists between class counsel and the putative members of the class prior to class certification***. *See* Order Denying Defendants' Discovery [ECF No. 110], at 11. This rule is only logical because "until they opt-in, prospective plaintiffs are not yet parties to the action, they have no attorney, and no attorney-client relation is yet in issue." *Jones v. Hoffberger Moving Servs. LLC,* No. 13-CV-0535, 2013 WL 5973145, at *2 (D. Md. Nov. 8, 2013) (alterations, citation, and internal quotation marks omitted); *see also Ramadan v. Richmond Redev. & Hous. Auth.,* No. 3:19-CV-166, 2020 WL 259552, at *7 (E.D. Va. Jan. 17, 2020) ("A client-lawyer relationship with a potential member of a class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired.") (alterations and citation omitted).

In objecting to Request for Production No. 1, Plaintiffs directed EQT Defendants to filings by Plaintiffs' counsel in the *Huey* litigation (*see* **Ex. 2**, at 8), but Mr. Masters' representations in those filings do not support Plaintiffs' assertion of privilege—just the opposite. Mr. Masters stated: "neither I nor the law firm ever agreed to represent [Marcus Huey.]" **Ex. 3**, at 1. As such, the 2016 communications between Marvin Masters, *Hamric* counsel, and Marcus Huey, a member of the proposed *Hamric* class—are not subject to the

8

attorney-client privilege and cannot be shielded from discovery on that basis. *See, e.g., Fangman v. Genuine Title, LLC*, No. 1:14-CV-00081, 2016 WL 3362538, at *3 (D. Md. June 17, 2016) (finding that materials sent to potential plaintiffs and class members in a putative class action are discoverable); *Brown v. Tax Ease Lien Servicing, LLC*, No. 3:15-CV-208, 2017 WL 6939338, at *17 (W.D. Ky. Feb. 16, 2017) (holding that communications between potential class members and plaintiffs' counsel are discoverable); *Young v. Dollar Tree Stores*, No. 11-CV-01840, 2012 WL 1015771, at *1, 3 (D. Colo. Mar. 23, 2012) (granting motion to compel production of e-mail communications between plaintiffs' counsel and prospective class members).[3]

Plaintiffs alternatively try to claim that the requested communications constitute "work product" that contain "counsels' mental impressions, opinions, conclusions, judgments, and/or legal theories." **Ex. 2**, at 8. Plaintiffs' contention that their counsel, Mr. Marvin Masters, divulged his mental impressions, legal opinions, legal theories, and other protected work product information in e-mails to unrepresented third parties is unsupported and questionable at best. Even if Mr. Masters provided work product to Marcus Huey in the spring and summer of 2016, the disclosure of such information does not make the communications work product. To the

---

[3] Even assuming *arguendo* that Plaintiffs' counsel, Mr. Masters, and EQT Defendants' lessor Marcus Huey had an attorney client relationship in the summer of 2016 (they did not) and that Mr. Masters provided legal advice in the requested communications, the attorney-client privilege was waived by disclosure of the communications to third-parties. *See* Huey Pls.' Privilege Log, **Ex. 7**, at 13-15 (copying third-parties Dina West Stewart, Dora Kay Grubb, and Dianne Lutz, among others, on April 18, 2016 correspondence with Plaintiffs' counsel). It is generally recognized that any protection for privileged information is waived by disclosure of that information to third parties. *See Plaintiffs Lawyer Discip. Bd v. McGraw*, 194 W. Va. 788, 798, 461 S.E.2d 850, 860 (1995); *State ex rel. McCormick v. Zakaib*, 189 W. Va. 258, 261, 430 S.E.2d 316, 319 (1993); *Marano v. Holland*, 179 W. Va. 156, 171, 366 S.E.2d 117, 132 (1988). As the Fourth Circuit has stated, "[a]ny disclosure inconsistent with maintaining the confidential nature of the attorney-client relationship waives the attorney-client privilege." *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (internal quotations omitted).

contrary, it *waives* any protection that might have otherwise applied to the communication. *See Marano*, 179 W. Va. at 171.

The communications and documents exchanged between Plaintiffs' counsel, Marvin Masters, and Marcus Huey prior to this Court's certification of the *Hamric* class are not privileged attorney-client communications or work product. Accordingly, Plaintiffs cannot withhold the requested documents and communications in response to EQT Defendants' Request for Production No. 1 on the basis of privilege.

## CONCLUSION

For these reasons, EQT respectfully requests that the Court grant the relief requested in EQT Defendants' Motion to Compel Plaintiffs to Produce Requested Discovery on Adequacy Under Federal Rule of Civil Procedure 23(a)(4). EQT Defendants further request all other relief to which they may be entitled.

Date: August 30, 2021

*Respectfully submitted,*

By: */s/ Jennifer J. Hicks*

Jennifer J. Hicks (WVSB ID No. 11423)
**BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.**
300 Summers Street Suite 1000
Charleston WV 25301
681-205-8888
681-205-8814 (fax)
jhicks@babstcalland.com

Mark K. Dausch (WVSB ID No. 11655)
**BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.**
Two Gateway Center, 6th Floor
603 Stanwix Street
Pittsburgh, PA 15222
(412) 394-5655
mdausch@babstcalland.com

*Counsel for EQT Defendants*

Lauren W. Varnado (PHV-39462)
**MCKOOL SMITH, P.C.**
600 Travis Street Suite 7000
Houston, TX 77008
(713) 485-7311
(713) 485-7344 (fax)
lvarnado@mckoolsmith.com

David R. Dehoney (PHV-40954)
Jonathan H. Koppell (PHV-39843)
**MCKOOL SMITH, P.C.**
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001
(212) 402-9400
(212) 402-9444
ddehoney@mckoolsmith.com
jkoppell@mckoolsmith.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| WILLIAM D. GLOVER and LINDA GLOVER, his wife; RICHARD A. GLOVER and CHRISTY L. GLOVER, his wife; and GOSHORN RIDGE, LLC, Individually, and on Behalf of All Others Similarly Situated, ,<br><br>      **Plaintiffs,**<br>  v.<br><br>EQT CORPORATION, a Pennsylvania corporation; EQT PRODUCTION COMPANY, a Pennsylvania corporation; EQT ENERGY, LLC, a Delaware limited liability company; EQT GATHERING, LLC, a Delaware limited liability company; and EQM MIDSTREAM PARTNERS, LP, a Delaware limited partnership,<br><br>      **Defendants.** | Case No. 5:19-cv-223-JPB |

## CERTIFICATE OF SERVICE

  I, Jennifer J. Hicks, hereby certify that on August 30, 2021, I served a true and correct copy of "**EQT Defendants' Motion to Compel Plaintiffs to Produce Requested Discovery on Adequacy Under Federal Rule of Civil Procedure 23(a)(4)**" by filing this document using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Robert J. Fitzsimmons, Esquire
Mark Colantonio, Esquire
Donald M. Kresen, Esquire
Fitzsimmons Law Firm PLLC
1609 Warwood Avenue
Wheeling, WV 26003

Roger L. Cutright, Esquire
Cutright Law PLLC
455 Suncrest Towne Centre, Suite 201
Morgantown, WV 26505

Marvin W. Masters, Esquire
The Masters Law Firm LC
181 Summers Street
Charleston, WV 25301

Ethan Vessels, Esquire
Fields, Dehmlow & Vessels, LLC
309 Second Street
Marietta, OH 45750

Eric M. Gordon, Esquire
Berry, Kessler, Crutchfield, Taylor & Gordon
514 Seventh Street
Moundsville, WV 26041

        /s/ Jennifer J. Hicks

1