# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM D. GLOVER and LINDA K.
GLOVER, his wife;
RICHARD A. GLOVER, and CHRISTY
L. GLOVER, his wife; and
GOSHORN RIDGE, LLC,
Individually, and on Behalf of All Others
Similarly Situated,

       Plaintiffs,

v.                                                                Consolidated Civil Action No. 5:19-cv-223
                                                                  Honorable John Preston Bailey

EQT CORPORATION, a Pennsylvania
corporation; EQT PRODUCTION
COMPANY, a Pennsylvania corporation;
EQT ENERGY, LLC, a Delaware limited
liability company; EQT GATHERING, LLC, a
Delaware limited liability company; and
EQM MIDSTREAM PARTNERS, LP, a
Delaware limited partnership,

       Defendants.

**EQT DEFENDANTS' SECOND SET OF
INTERROGATORIES, REQUESTS FOR ADMISSIONS, AND REQUEST FOR
PRODUCTION ON ADEQUACY UNDER FRCP 23(A)(4) TO ALL PLAINTIFFS**

    TO:    William D. Glover and Linda K. Glover; Richard A. Glover and Christy L. Glover; and Goshorn Ridge, LLC (collectively "Plaintiffs"), by and through their counsel of record

Pursuant to Federal Rule of Civil Procedure 33 and 34, Defendants EQT Corporation, EQT Production Company, EQT Gathering, LLC, and EQT Energy, LLC, and EQM Midstream Partners, LP, (collectively "EQT Defendants") by and through counsel, serve on Plaintiffs this Second Set of Interrogatories, Requests for Admissions, and Requests for Production on Adequacy Under Federal Rule of Civil Procedure ("FRCP") 23(a)(4) to All Plaintiffs. Plaintiffs are directed to respond within thirty (30) days after service of these Interrogatories and Requests.

By: /s/ *Jennifer J. Hicks*

Mark K. Dausch (WVSB ID No. 11655)
**BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.**
Two Gateway Center, 6th Floor
603 Stanwix Street
Pittsburgh, PA 15222
(412) 394-5655
mdausch@babstcalland.com

Jennifer J. Hicks (WVSB ID No. 11423)
**BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.**
300 Summers Street Suite 1000
Charleston WV 25301
681-205-8888
681-205-8814 (fax)
jhicks@babstcalland.com

***Counsel for Defendants***

Lauren W. Varnado (PHV-39462)
**MCKOOL SMITH, P.C.**
600 Travis Street Suite 7000
Houston, TX 77008
(713) 485-7311
(713) 485-7344 (fax)
lvarnado@mckoolsmith.com

David R. Dehoney, Esquire (PHV-40954)
Jonathan H. Koppell, Esquire (PHV-39843)
**MCKOOL SMITH, P.C.**
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 10001
(212) 402-9400
(212) 402-9444
ddehoney@mckoolsmith.com
jkoppell@mckoolsmith.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| WILLIAM D. GLOVER and LINDA GLOVER, his wife; RICHARD A. GLOVER and CHRISTY L. GLOVER, his wife; and GOSHORN RIDGE, LLC, Individually, and on Behalf of All Others Similarly Situated, , <br><br>    Plaintiffs,<br>  v.<br><br>EQT CORPORATION, a Pennsylvania corporation; EQT PRODUCTION COMPANY, a Pennsylvania corporation; EQT ENERGY, LLC, a Delaware limited liability company; EQT GATHERING, LLC, a Delaware limited liability company; and EQM MIDSTREAM PARTNERS, LP, a Delaware limited partnership,<br><br>    Defendants. | Case No.  5:19-cv-223-JPB |

.

## CERTIFICATE OF SERVICE

I, Jennifer J. Hicks, hereby certify that on June 10, 2021, I served a true and correct copy of the foregoing **EQT Defendants' Second Set of Interrogatories, Request for Admissions and Request for Production on Adequacy Under FRCP 23(a)(4) to All Plaintiffs** by filing this document using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

Robert J. Fitzsimmons, Esquire
Mark Colantonio, Esquire
Donald M. Kresen, Esquire
Fitzsimmons Law Firm PLLC
1609 Warwood Avenue
Wheeling, WV 26003

Roger L. Cutright, Esquire
Cutright Law PLLC
455 Suncrest Towne Centre, Suite 201
Morgantown, WV 26505

Marvin W. Masters, Esquire
The Masters Law Firm LC
181 Summers Street
Charleston, WV 25301

Ethan Vessels, Esquire
Fields, Dehmlow & Vessels, LLC
309 Second Street
Marietta, OH 45750

Eric M. Gordon, Esquire
Berry, Kessler, Crutchfield, Taylor & Gordon
514 Seventh Street
Moundsville, WV 26041

                                                         /s/ *Jennifer J. Hicks*

# DEFINITIONS

1. **"And"** and **"or"** shall be construed either conjunctively or disjunctively as required by the context.

2. **"Each"** or **"any"** means each and every.

3. **"EQT Defendants"** or **"EQT"** means EQT Corporation, EQT Production Company, EQT Gathering, LLC (d/b/a EQT Midstream), EQT Energy, LLC, EQM Midstream Partners, LP, and their employees.

4. "**ESI**" means electronically stored information including, but not limited to, information electronically, magnetically or optically stored *as:*

    - Digital communications *(e.g.* e-mail, voice mail, instant messaging);
    - Word processed documents *(e.g.,* Word or WordPerfect documents and drafts);
    - Spreadsheets and tables *(e.g.,* Quickbooks, Money, Peachtree data files);
    - Image and Facsimile Files *(e.g.,* PDF, TIFF, .JPG, GIF images);
    - Sound Recordings *(e.g.,* WAV and MP3 files);
    - Databases *(e.g.,* Access, Oracle, SQL Server data, SAP);
    - Contact and Relationship Management Data *(e.g.,* Outlook, Maximizer, ACT!);
    - Calendar and Diary Application Data *(e.g.,* Outlook PST, Yahoo, blog tools);
    - Online Access Data *(e.g.,* Temporary Internet Files, History, Cookies);
    - Presentations *(e.g.,* PowerPoint, Corel Presentations)
    - Network Access and Server Activity Logs;
    - Project Management Application Data;
    - Computer Aided Design/Drawing Files; and
    - Back Up and Archival Files *(e.g.,* Zip, OHO)

5. "**Metadata**" means system and application metadata. System metadata is information describing the history and characteristics of other ESL This information is typically associated with tracking or managing an electronic file and often includes data reflecting a file's name, size, custodian, location, and dates of creation and last modification or access. Application metadata is information automatically included or embedded in electronic files but which may not be apparent to a user, including deleted content, draft language, commentary, collaboration and distribution data and dates of creation and printing. For electronic mail, metadata includes all header routing data and Base 64 encoded attachment data, in addition to the To, From, Subject, Received Date, CC and BCC fields.

6. "**Computer**" means, but is not limited to personal computers, laptop computers, portable computers, notebook computers, palm-top or handheld computers, minicomputers, servers, mainframe computers, and Blackberries.

7. "**Computer storage devices and media**" means, but is not limited to, any internal, external, removable, or non-removable data storage media or device, including but not limited to hard drives, 3.5" disks, memory sticks, tapes, optical storage media, thumb

drives, compact discs, DVDs, and any other media on which data from a computer can be stored.

8. "**Document**" and "**Documents**" is used in its broadest sense allowed by the Federal Rules of Civil Procedure, and includes, but is not limited to, any written, recorded or graphic matter whatsoever and all non-identical copies thereof, including, but not limited to, papers, books, records, letters, photographs, correspondence, communications, ESI, Metadata, electronic mail, electronic data, text messages, SMS messages, MMS messages, PIN messages, telecopies, telegrams, cables, telex messages, memoranda, notations, workpapers, jottings, agendas, statistical records, desk calendars, appointment books, expense account vouchers, diaries, lists, tabulations, transcripts, minutes, reports, affidavits, statements, summaries, opinions, studies, analyses, evaluations, contracts, agreements, bulletins, notices, announcements, advertisements, instructions, charts, manuals, brochures, publications, newspaper or magazine articles, schedules, price lists, client lists, journals, books or account, records, invoices, statements of account, credit memoranda, records reflecting business operations, sound recordings, recordings by any means of exchange or other conversations, or of interviews or of conferences, or of other meetings, Computer printouts, data processing program libraries, data processing input and output, microfilm, all records kept by electronic, photographic or mechanical means including all records stored on a network or Computer hard drive, Computer storage devices and media, memory stick, webmail, Gmail, Yahoo mail, Hotmail, AOL, Facebook, Myspace, cloud computing, cell phone, Blackberry, iPhone, iPad, PDA, handheld Computer, or any electronic repository of information, voicemail, instant messaging, Word documents, WordPerfect documents, Excel files, PowerPoint files, QuickBooks files, Money files, Peachtree data files, PDFs, JPGs, TIFFs, GIFs, WA V or MP3 files, Outlook files, Outlook contacts, notes, tasks, and calendar appointments, pleadings, motions, responses to discovery, and any notes or drafts relating to any of the foregoing. In all cases where originals or non-identical copies are available, "Documents" also means identical copies of original documents and non-identical copies thereof (whether different from the original by virtue of notes made or otherwise), regardless of origin or location, including originals and non-conforming copies that contain deletions, insertions, and handwritten notes or comments, however produced or reproduced. "Documents" shall include data or information in electronic or magnetic form. The term "Documents" shall be construed at least as broadly as are the terms "writing" and "recording" as used and permitted under Federal Rule of Civil Procedure 34(a).

9. "**Communications**" means every form of interchange, exchange, or transmission of information, thought or opinion, and shall include, without limitation, all verbal communications (whether transmitted face to face or by media such as intercoms, telephones, electronic mail, television or radio), all written or graphic communications of any kind, and all statements, discussions, conversations, speeches, meetings, remarks, questions, answers, panel discussions, and symposia.

10. "**Relate to**," "**refer to**," "**evidence**," or "**in connection with**" when used with respect to a given subject in Documents or Communications, means any Document or Communication that constitutes, contains, evidences, embodies, comprises, reflects,

    identifies, states, refers to, deals with, comments on, responds to, describes, analyzes, or is in any way pertinent to that subject, including, without limitation, Documents or Communications concerning the presentation or existence of other Documents or Communications.

11. "**You**" or "**Your**" means Plaintiffs William D. Glover, Linda K. Glover, Richard A. Glover, Christy L. Glover, and/or Goshorn Ridge, LLC, individually and/or collectively.

12. **"Lawsuit"** means this lawsuit, Case No 5:19-cv-0023-JPB; *William D. Glover, et al. v. EQT Corporation, et. al.*; in the Northern District of West Virginia.

13. "***W.Va. American Water Company* Litigation**" means and refers to *Morgan, Keith, et al. v. West Virginia-American Water Company*, No. 15-C-2158 (Kanawha Cir. Ct. W. Va.).

14. "***Huey* Litigation**" means and refers to *Marcus Huey, et al. v. EQT Production Company, et al.*, No. 17-C-43 (Wetzel Cir. Ct. W. Va.).

15. "***Hamric* Litigation**" means and refers to *The Kay Company, LLC et al v. EQT Production Company, et al.*, No. 1:13-cv-00151 (N.D. W. Va.).

16. "**Person(s)**" includes the singular as well as the plural and includes any natural persons, corporations, firms, associations, partnerships, joint ventures, or other form of legal business entity, and governmental agencies, departments, units or any subdivision thereof.

17. "**Plaintiffs**" or "**Plaintiff**" means William D. Glover, Linda K. Glover, Richard A. Glover, Christy L. Glover, and/or Goshorn Ridge, LLC, and any accountants, consultants, executors, power of attorneys, members, managing members, designated representatives, agents, employees, attorneys, and any other person acting on behalf of an individual Plaintiff or on behalf of Plaintiffs collectively as a group.

18. "**Plaintiffs' Counsel**" means the named attorneys Marvin Masters, Robert Fitzsimmons, Mark Colantonio, Ethan Vessels, Eric Gordon, Roger Cutright, Donald Kresen, and Andrew Cutright, and the law firms representing Plaintiffs in this Lawsuit, including their associates, paralegals, staff, and agents.

19. "**Relevant Time Period**" means January 1, 2010 through the present, unless another time period is noted in a particular request below. You are requested to timely supplement Your responses with any additional information discovered after the date of these requests and Your initial responses to these requests.

## **INSTRUCTIONS**

1. In answering these requests, please furnish all information as is known or available, regardless of whether this information is possessed directly by Your, or by Your agents, employees, accountants, consultants, executors, power of attorneys, managing members, representatives, agents, employees, attorneys, or investigators.

2. If any of these requests cannot be responded to in full, please respond to the extent possible, specifying the reasons for the inability to respond to the remainder and producing whatever information, knowledge, or belief You have concerning the portion to which You did not respond.

3. Documents produced in response hereto shall be organized and labeled to correspond to the categories in the request or produced as they are kept in the usual course of business and shall not be "shuffled" or otherwise rearranged when produced.

4. Documents responsive to these requests for production shall be numbered/labeled consecutively by You prior to production.

5. If any document responsive to any request is withheld by reason of any assertion of privilege, You shall submit a schedule at the time of production stating, for each document withheld, the following information:

    (a) The type of document (*e.g.*, letter memorandum, account statement, tax form, etc.);

    (b) The date the document was prepared;

    (c) The name of each author, co-author, or preparer of the document and the name of each recipient or addressee, including each recipient of a copy of the document;

    (d) The subject matter of the information contained in the document; and

    (e) The nature of the privilege asserted.

6. If any document responsive to these requests was but no longer is in Your possession, custody, or control (whether actual or constructive), or in existence, state whether it is: (a) missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) otherwise disposed of, and, in each instance, explain the circumstances surrounding the authorization of such disposition and state the date or approximate date thereof.

7. With respect to each item or category of items, you must state objections and assert privileges as required by the Federal Rules of Civil Procedure and state, as appropriate, that:

    (a) production, inspection, or other requested action will be permitted as requested;

    (b)    the requested items are being served on EQT with the response;

    (c)    production, inspection, or other requested action will take place at a specified time and place, if you are objecting to the time and place of production; or

    (d)    after a diligent search, no items have been identified that are responsive to the request.

8.    Each request below includes a request for electronic documents and records.

# EQT DEFENDANTS'
# SECOND SET OF INTERROGATORIES ON ADEQUACY

Unless another time period is noted in a particular interrogatory below, please answer the following for the Relevant Time Period:

## INTERROGATORY NO. 1:

Identify each instance in which any of Plaintiffs' Counsel has been appointed or served as special commissioner or guardian ad litem in a proceeding involving a member of Your putative class. In so answering, please Identify the case name, the cause number, and the presiding judge of each proceeding.

**ANSWER:**

## INTERROGATORY NO. 2:

Identify each instance in which Plaintiffs' Counsel, Eric Gordon, has served as prosecuting attorney in a proceeding involving a member of Your putative class. In so answering, please Identify the case name, the cause number, and the presiding judge of each proceeding.

**ANSWER:**

# EQT DEFENDANTS' SECOND REQUEST FOR PRODUCTION ON ADEQUACY

Unless another time period is noted in a particular request below, please produce all of the following for the Relevant Time Period:

**REQUEST FOR PRODUCTION NO. 1:**

Communications and Documents between any plaintiff in the *Huey* Litigation and Plaintiffs' Counsel, Mr. Marvin Masters, prior to certification of the class in the *Hamric* Litigation, including, but not limited to, the following Communications:

    (a) March 15, 2016 Correspondence from Marcus Huey to Marvin Masters

    (b) April 6, 2016 E-mail from Marcus Huey to Marvin Masters and Matt Perry

    (c) April 18, 2016 E-mail from Marcus Huey to Marvin Masters and Matt Perry

    (d) June 3, 2016 Correspondence from Marcus Huey to Marvin Masters

    (e) June 15, 2016 E-mail from Marcus Huey to Marvin Masters (and others)

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**

Oil and gas and/or mineral leases and any amendments, addenda or ratifications of such leases that any of Plaintiffs' Counsel drafted, revised, or negotiated that may be included in Your putative class.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**

Deeds, assignments, leases, and/or deeds of trusts executed, negotiated, or drafted by Plaintiffs' Counsel, Eric Gordon, in his capacity as City Attorney for the City of Benwood.

    **RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**

Deeds, assignments, leases, and/or deeds of trust or any proposed deeds, assignments, leases, and deeds of trust that any of Plaintiffs' Counsel drafted, revised, or negotiated on Your behalf.

    **RESPONSE:**

# EQT DEFENDANTS'
# SECOND REQUEST FOR ADMISSIONS ON ADEQUACY

Unless another time period is noted in a particular request below, answer the following for the Relevant Time Period:

**REQUEST FOR ADMISSION NO. 1:**

Admit the named class representatives in the *W. Va. American Water* Litigation, Karla Rae and Keith Morgan, are household members and/or tenants of Plaintiffs' Counsel, Mr. Marvin Masters.

**ANSWER:**