# Exhibit 2

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM D. GLOVER and LINDA K.
GLOVER, his wife; RICHARD A. GLOVER,
and CHRISTY L. GLOVER, his wife; and
GOSHORN RIDGE, LLC, Individually,
and on Behalf of All Others Similarly Situated,

                Plaintiffs,

v.

EQT CORPORATION, a Pennsylvania
corporation; EQT PRODUCTION COMPANY,
a Pennsylvania corporation; EQT ENERGY,
LLC, a Delaware limited liability company;
EQT ENERGY II, LLC, a Pennsylvania
limited liability company; EQT GATHERING,
LLC, a Delaware limited liability company; and
EQT MIDSTREAM PARTNERS, LP, a
Delaware limited partnership,

                Defendants.

Civil Action No. 5:19-cv-223
Honorable John Preston Bailey

## CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of July, 2021, I served a true and correct copy of the foregoing "Plaintiffs' Answers to EQT Defendants' Second Set of Interrogatories, Requests for Admissions and Requests for Production on Adequacy Under FRCP (23)(A)(4)" upon all parties by U.S. Regular Mail and electronic mail using the CM/ECF system, which will send notification of such filing to the following CM/ECF participants:

                Jennifer Hicks (WV State Bar No. 11423)
                Katrina N. Bowers (WV State Bar No. 12337)
                Babst, Calland, Clements & Zomnir, P.C.
                300 Summers Street, Suite 1000
                Charleston, West Virginia 25301
                tmiller@babstcalland.com
                kbowers@babstcalland.com
                Counsel for Defendants

Mark K. Dausch (WV State Bar No. 11655)
Babst, Calland, Clements & Zomnir, P.C.
Two Gateway Center, 6th Floor
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
mdausch@babstcalland.com
Counsel for Defendants

Lauren W. Varnado
McKool Smith, P.C.
600 Travis Street, Suite 7000
Houston, Texas 77002
lvarnado@mckoolsmith.com
Counsel for Defendants

David R. Dehoney
Jonathan H. Koppell
McKool Smith, P.C.
One Manhattan West
395 9th Avenue, 50th Floor
New York, New York 100001
Counsel for Defendants

/s/ Marvin W. Masters
Marvin W. Masters (WV Bar #2359)

# N THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WILLIAM D. GLOVER and LINDA K.
GLOVER, his wife;
RICHARD A. GLOVER, and CHRISTY
L. GLOVER, his wife; and
GOSHORN RIDGE, LLC,
Individually, and on Behalf of All Others
Similarly Situated,

        Plaintiffs,

v.                                               Consolidated Civil Action No. 5:19-cv-223
                                                 Honorable John Preston Bailey

EQT CORPORATION, a Pennsylvania
corporation; EQT PRODUCTION
COMPANY, a Pennsylvania corporation;
EQT ENERGY, LLC, a Delaware limited
liability company; EQT GATHERING, LLC, a
Delaware limited liability company; and
EQM MIDSTREAM PARTNERS, LP, a
Delaware limited partnership,

        Defendants.

## PLAINTIFFS' ANSWERS TO EQT DEFENDANTS' SECOND SET OF INTERROGATORIES, REQUESTS FOR ADMISSIONS AND REQUESTS FOR PRODUCTION ON ADEQUACY UNDER FRCP 23(A)(4) TO ALL PLAINTIFFS

Now come plaintiffs, William D. Glover, Linda K. Glover, Richard A. Glover and Christy L. Glover, as well as Goshorn Ridge, LLC, by counsel, and for their responses to EQT Defendants' Second Set of Interrogatories, Requests for Admissions and Requests for Production on Adequacy under F.R.C.P. 23(a)(4) to Plaintiffs.

## PRELIMINARY OBJECTIONS

Plaintiffs object to the instructions and definitions to the extent they are inconsistent with the Federal Rules of Civil Procedure. Plaintiff will comply with the Federal Rules of Civil

1

Procedure and any respective Court Order with regard to Plaintiff's responses herein or supplementation thereof.

Plaintiffs have not completed their investigation of the facts relating to this civil action, have not completed their discovery in this civil action, and have not completed their preparation for trial. For these reasons, the responses of Plaintiffs are based solely upon such information and documentation as are presently available and known to Plaintiffs and their counsel. Further discovery and independent investigation may supply additional facts, add meaning to facts, or may establish entirely new factual contentions and, therefore, additions to, changes in, and variations from Plaintiffs' present responses may be necessary or may unavoidably result. In short, the following responses are given in good faith, but without prejudice to Plaintiffs' right to produce evidence of subsequently discovered facts or documents.

Plaintiffs object to inclusion of "verbal communications" within the definition of "Communications" as it relates to Request For Production of Documents. Plaintiffs are not required to produce documents that do not exist.

Plaintiffs also object to all requests for documents to the extent they seek information beyond the attorneys who have made appearances in this litigation. The inclusion of other attorneys, the firms, associates, paralegals, staff and agents within the definition of "Plaintiffs' Counsel" is overly broad, unduly burdensome and seeks information which is not relevant to the adequacy inquiry under Federal Rule of Civil Procedure 23(a)(4) and/or is not proportional to the needs of the case. Such inquiries are intended only to annoy, harass, embarrass or oppress Plaintiffs and/or their counsel.

Plaintiffs will comply with the Federal Rules of Civil Procedure and any respective Court Order with regard to Plaintiff's responses herein or supplementation thereof.

Subject to said objections, and without waiving the same, Plaintiff states as follows:

## PLAINTIFFS' ANSWERS TO EQT DEFENDANTS' SECOND SET OF INTERROGATORIES ON ADEQUACY

### INTERROGATORY NO. 1:

Identify each instance in which any of Plaintiffs' Counsel has been appointed or served as special commissioner or guardian ad litem in a proceeding involving a member of Your putative class. In so answering, please Identify the case name, the cause number, and the presiding judge of each proceeding.

### ANSWER:

Plaintiffs object to discovery of this information inasmuch as it seeks information irrelevant and distracting to the real issues in this case. Federal Rule of Civil Procedure 23(a) requires that the "representative parties ... fairly and adequately protect the interests of the class." This inquiry focuses on two factors: (a) the qualifications, experience and conduct of plaintiffs' counsel and (b) the interest and involvement of the named plaintiffs in the litigation. *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 247 (3rd Cir. 1975). The adequacy requirement "is met if Plaintiff's interests are not antagonistic to the interests of the proposed class, *see Broussard v. Meineke,* 155 F.3d 331, 337-338 (4th Cir. 1999), and Plaintiff's attorneys are qualified and have experience with class actions and complex litigation. *See Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) (footnote omitted). "Most courts recognize that far-flung discovery on the adequacy of representation of the plaintiff and class counsel is usually unsuccessful because of the highly questionable relevance of the discovery details sought. Furthermore, such discovery has mischievous effects of large capability of harassment and oppression of the class representatives, as well as serious dilatory effects of deferring court consideration of the merits of the controversy. As one court noted, weakly supported attacks on the credibility and qualifications of the named plaintiff as well as the ethical conduct of the plaintiffs' counsel, under the semblance of concern for the adequate representation of absent class members, 'distract parties from the real issues at hand and create an atmosphere of ill-will not conducive to the proper conduct of a complex action such as this where cooperation among counsel is especially necessary...'." 5 Newberg on Class Actions § 15:30 (4th ed.), citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.,* 657 F.2d 890, 895 (7th Cir. 1981) ("[I]t is often the defendant, preferring not to be successfully sued by anyone, who supposedly undertakes to assist the court in determining whether a putative class should be certified. When it comes, for instance, to determining whether 'the representative parties will fairly and adequately protect the interests of the class,' or the plaintiffs' ability to finance the litigation, it is a bit like permitting a fox, although with pious countenance, to take charge of the chicken house."); *Franklin v. Ernst,* 98 F.R.D. 478 (N.D. Ohio 1983) (a court must be wary of a defendant's efforts to defeat representation of a class on grounds of inadequacy); *Ridings v. Canadian Imperial Bank of Commerce Trust Co.(Bahamas), Ltd.,* 94 F.R.D. 147, 154

3

(N.D. Ill. 1982); *Sley v. Jamaica Water & Utilities, Inc.,* 77 F.R.D 391, 394 (E.D. Pa. 1977) (defendants are realistically not concerned with the 'best' representation for the plaintiff class); *Clark v. Cameron-Brown Co.,* 72 F.R.D. 48, 55 (M.D. N.C. 1976); *Umbriac v. American Snacks, Inc.,* 388 F.Supp. 265, 275 (E.D. Pa. 1975).

Plaintiffs further object because Defendants claim there are as many as 10,000 leases or more in the "putative class". There exists no prohibition in a class action that the class representative or class counsel cannot be representatives because one putative class member is known by the attorney, has been previously represented by the attorney, has been sometime previously a commissioner or guardian ad litem in some unknown case.. Defendants' interrogatory is therefore another fishing expedition that Defendants know is nothing more than harassment of Plaintiff parties and their attorneys in this case.

Further, Plaintiffs object on the basis that this interrogatory is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence. Whether any of Plaintiffs' Counsel served as special commissioner or guardian ad litem in a proceeding involving a potential, unknown member of the putative class is irrelevant as to adequacy of the attorney to represent the class.

Subject to the objections stated herein and without waiving said objections, due to the infancy of the discovery, it is unknown at this time who the members of the "putative class" are and therefore, it is impossible for Plaintiffs to answer this interrogatory, even if it were a proper inquiry. In an attempt to be responsive, to the best of their knowledge, Plaintiffs' Counsel has never served as special commissioner or guardian ad litem for any of the named class representatives nor of Defendants or their attorneys.

**INTERROGATORY NO. 2:**

Identify each instance in which Plaintiffs' Counsel, Eric Gordon, has served as prosecuting attorney in a proceeding involving a member of Your putative class. In so answering, please Identify the case name, the cause number, and the presiding judge of each proceeding.

**ANSWER:**

Plaintiffs object to discovery of this information inasmuch as it seeks information irrelevant and distracting to the real issues in this case. Federal Rule of Civil Procedure 23(a) requires that the "representative parties ... fairly and adequately protect the interests of the class." This inquiry focuses on two factors: (a) the qualifications, experience and conduct of plaintiffs' counsel and (b) the interest and involvement of the named plaintiffs in the litigation. *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 247 (3rd Cir. 1975). The adequacy requirement "is met if Plaintiff's interests are not antagonistic to the interests of the proposed class, *see Broussard v. Meineke,* 155 F.3d 331, 337-338 (4th Cir. 1999), and Plaintiff's attorneys are qualified and have experience with class actions and complex litigation. *See Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 42

4

L.Ed.2d 532 (1975) (footnote omitted). "Most courts recognize that far-flung discovery on the adequacy of representation of the plaintiff and class counsel is usually unsuccessful because of the highly questionable relevance of the discovery details sought. Furthermore, such discovery has mischievous effects of large capability of harassment and oppression of the class representatives, as well as serious dilatory effects of deferring court consideration of the merits of the controversy. As one court noted, weakly supported attacks on the credibility and qualifications of the named plaintiff as well as the ethical conduct of the plaintiffs' counsel, under the semblance of concern for the adequate representation of absent class members, 'distract parties from the real issues at hand and create an atmosphere of ill-will not conducive to the proper conduct of a complex action such as this where cooperation among counsel is especially necessary…'." 5 Newberg on Class Actions § 15:30 (4th ed.), citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 895 (7th Cir. 1981) ("[I]t is often the defendant, preferring not to be successfully sued by anyone, who supposedly undertakes to assist the court in determining whether a putative class should be certified. When it comes, for instance, to determining whether 'the representative parties will fairly and adequately protect the interests of the class,' or the plaintiffs' ability to finance the litigation, it is a bit like permitting a fox, although with pious countenance, to take charge of the chicken house."); *Franklin v. Ernst*, 98 F.R.D. 478 (N.D. Ohio 1983) (a court must be wary of a defendant's efforts to defeat representation of a class on grounds of inadequacy); *Ridings v. Canadian Imperial Bank of Commerce Trust Co.(Bahamas), Ltd.*, 94 F.R.D. 147, 154 (N.D. Ill. 1982); *Sley v. Jamaica Water & Utilities, Inc.*, 77 F.R.D 391, 394 (E.D. Pa. 1977) (defendants are realistically not concerned with the 'best' representation for the plaintiff class); *Clark v. Cameron-Brown Co.*, 72 F.R.D. 48, 55 (M.D. N.C. 1976); *Umbriac v. American Snacks, Inc.*, 388 F.Supp. 265, 275 (E.D. Pa. 1975).

Further, Plaintiffs object on the basis that this interrogatory is overly broad, vague and not reasonably calculated to lead to the discovery of admissible evidence. Whether Eric Gordon served as a prosecuting attorney in a proceeding involving a member of the putative class is irrelevant as to adequacy.

Subject to the preliminary objections and objections stated herein and without waiving said objections, due to the infancy of the discovery, it is unknown at this time who the members of the "putative class" are and therefore, it is impossible for Plaintiffs to answer this interrogatory; however, Plaintiffs state to the best of their knowledge, none.

## **PLAINTIFFS' RESPONSES TO EQT DEFENDANTS' SECOND REQUEST FOR PRODUCTION ON ADEQUACY**

### **REQUEST FOR PRODUCTION NO. 1**:

Communications and Documents between any plaintiff in the *Huey* Litigation and Plaintiffs' Counsel, Mr. Marvin Masters, prior to certification of the class in the *Hamric* Litigation, including, but not limited to, the following Communications: (a) March 15, 2016 Correspondence from

5

Marcus Huey to Marvin Masters (b) April 6, 2016 E-mail from Marcus Huey to Marvin Masters and Matt Perry (c) April 18, 2016 E-mail from Marcus Huey to Marvin Masters and Matt Perry (d) June 3, 2016 Correspondence from Marcus Huey to Marvin Masters (e) June 15, 2016 E-mail from Marcus Huey to Marvin Masters (and others)

### **RESPONSE**:

Plaintiffs object to discovery of this information inasmuch as it seeks information irrelevant and distracting to the real issues in this case. Federal Rule of Civil Procedure 23(a) requires that the "representative parties … fairly and adequately protect the interests of the class." This inquiry focuses on two factors: (a) the qualifications, experience and conduct of plaintiffs' counsel and (b) the interest and involvement of the named plaintiffs in the litigation. *Wetzel v. Liberty Mutual Insurance Co.*, 508 F.2d 239, 247 (3rd Cir. 1975). The adequacy requirement "is met if Plaintiff's interests are not antagonistic to the interests of the proposed class, *see Broussard v. Meineke*, 155 F.3d 331, 337-338 (4th Cir. 1999), and Plaintiff's attorneys are qualified and have experience with class actions and complex litigation. *See Sosna v. Iowa*, 419 U.S. 393, 403, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) (footnote omitted). "Most courts recognize that far-flung discovery on the adequacy of representation of the plaintiff and class counsel is usually unsuccessful because of the highly questionable relevance of the discovery details sought. Furthermore, such discovery has mischievous effects of large capability of harassment and oppression of the class representatives, as well as serious dilatory effects of deferring court consideration of the merits of the controversy. As one court noted, weakly supported attacks on the credibility and qualifications of the named plaintiff as well as the ethical conduct of the plaintiffs' counsel, under the semblance of concern for the adequate representation of absent class members, 'distract parties from the real issues at hand and create an atmosphere of ill-will not conducive to the proper conduct of a complex action such as this where cooperation among counsel is especially necessary…'." 5 Newberg on Class Actions § 15:30 (4th ed.), citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 895 (7th Cir. 1981) ("[I]t is often the defendant, preferring not to be successfully sued by anyone, who supposedly undertakes to assist the court in determining whether a putative class should be certified. When it comes, for instance, to determining whether 'the representative parties will fairly and adequately protect the interests of the class,' or the plaintiffs' ability to finance the litigation, it is a bit like permitting a fox, although with pious countenance, to take charge of the chicken house."); *Franklin v. Ernst*, 98 F.R.D. 478 (N.D. Ohio 1983) (a court must be wary of a defendant's efforts to defeat representation of a class on grounds of inadequacy); *Ridings v. Canadian Imperial Bank of Commerce Trust Co.(Bahamas), Ltd.*, 94 F.R.D. 147, 154 (N.D. Ill. 1982); *Sley v. Jamaica Water & Utilities, Inc.*, 77 F.R.D 391, 394 (E.D. Pa. 1977) (defendants are realistically not concerned with the 'best' representation for the plaintiff class); *Clark v. Cameron-Brown Co.*, 72 F.R.D. 48, 55 (M.D. N.C. 1976); *Umbriac v. American Snacks, Inc.*, 388 F.Supp. 265, 275 (E.D. Pa. 1975).

Plaintiffs object as this Request for Production is unreasonably burdensome or would operate to annoy, oppress, unduly burden or unduly cause expense to the Plaintiffs, or would be unduly vexatious or unduly burdensome to respond to or would require the Plaintiffs to engage in

investigative efforts burdensome to the point of oppression on the ground that said discovery requests exceeds the permissible scope of discovery.

Plaintiffs object based on attorney client privilege. The following documents and things are included, but not exhaustive in the scope of this objection:

(1) Documents relating to communications between the Plaintiffs and their counsel with the exception of confidentiality either in the contemplation of employment or after employment relating to the subject matters of this case, including client's diaries, counsel's case intake sheet, letters, and memos or oral communications.

(2) Information communicated between the Plaintiffs and their counsel with the expectations of confidentiality either in the contemplation of employment or after employment relating to the subject matter of this case. There has been no waiver of privilege by disclosure to persons not subject to the privilege.

Plaintiffs further object to Defendants' Request for Production No. 1 inasmuch as it seeks to invade attorney-client privilege and the work product doctrine. Plaintiffs are not attorneys and, accordingly, this Request seeks to invade the attorney-client privilege. Further, this Request does not seek facts from Plaintiffs, but seeks Plaintiffs' counsels' legal theories, trial strategy and mental impressions. It does not seek underlying facts that would shed light on class certification issues, but rather Plaintiffs' counsels' legal strategies. It seeks information concerning how Plaintiffs' attorneys will put facts together to support their motion for class certification. The only purpose of this Request is to learn Plaintiffs' counsels' mental impressions, opinions, conclusions, judgments, and/or legal theories. An attorney's work product is reflected "in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways ..." *Hickman v. Taylor,* 329 U.S. 495, 511 (1947). Work product is protected to ensure that a lawyer can "work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel" and to allow the attorney to "assemble information, sift what he considers to be relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Id.* at 510, 511. Absent stringent protection for work-product, "[i]nefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial," all to the detriment of clients and "the cause of justice." *Id.* at 511. Under the work-product rule, codified at Federal Rule of Civil Procedure 26(b)(3), "an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation." *In re Doe,* 662 F.2d 1073, 1077 (4th Cir. 1981), *cert. denied,* 455 U.S. 1000 (1982). Opinion work product, since it represents the thoughts and impressions of the attorney, is vigilantly protected. As explained in *In re Doe,* "'[a]n attorney's thoughts are inviolate, ... and courts should proceed cautiously when requested to adopt a rule that would have an inhibitive effect on an attorney's freedom to express and impressions as opinion without fear of having these impressions and opinions used against the client.'" 662 F.2d at 1080. As a result, "opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *In re Grand Jury Proceedings,* 33 F.3d 342, 348 (4th Cir. 1994); *see also In re Doe,* 663 F.2d at 1079, 1080. Such an intrusion into Plaintiffs' privileged information is not warranted here.

Without waiving Plaintiffs' objections herein and as set forth in previous filings, Plaintiffs direct Defendants to those responses which Marvin W. Masters, Richard Monahan and The Masters Law Firm made to subpoenas and motions and memoranda filed in response to subpoenas and proceedings with EQT or the Hueys filed and pursued against each other in Wetzel, West Virginia Circuit Court and in the Federal Court for the Southern District of West Virginia at Charleston, reference historical matter related to previous litigation. Plaintiffs object to providing any further information concerning that matter as set forth above and as also set forth in those litigations below, EQT and Huey.

**REQUEST FOR PRODUCTION NO. 2:**

Oil and gas and/or mineral leases and any amendments, addenda or ratifications of such leases that any of Plaintiffs' Counsel drafted, revised, or negotiated that may be included in Your putative class.

**RESPONSE:**

Plaintiffs object as this Request for Production is unreasonably burdensome or would operate to annoy, oppress, unduly burden or unduly cause expense to the Plaintiffs, or would be unduly vexatious or unduly burdensome to respond to or would require the Plaintiffs to engage in investigative efforts burdensome to the point of oppression on the ground that said discovery request exceeds the permissible scope of discovery.

Plaintiffs object based on attorney client privilege. The following documents and things are included, but not exhaustive in the scope of this objection:

(3) Documents relating to communications between the Plaintiffs and their counsel with the exception of confidentiality either in the contemplation of employment or after employment relating to the subject matters of this case, including client's diaries, counsel's case intake sheet, letters, and memos or oral communications.
(4) Information communicated between the Plaintiffs and their counsel with the expectations of confidentiality either in the contemplation of employment or after employment relating to the subject matter of this case. There has been no waiver of privilege by disclosure to persons not subject to the privilege.

Plaintiffs further object to Defendants' Request for Production No. 2 inasmuch as it seeks to invade attorney-client privilege and the work product doctrine. Plaintiffs are not attorneys and, accordingly, this Request seeks to invade the attorney-client privilege. Further, this Request does not seek facts from Plaintiffs, but seeks Plaintiffs' counsels' legal theories, trial strategy and mental impressions. It does not seek underlying facts that would shed light on class certification issues, but rather Plaintiffs' counsels' legal strategies. It seeks information concerning how Plaintiffs' attorneys will put facts together to support their motion for class certification. The only purpose of this Request is to learn Plaintiffs' counsels' mental impressions, opinions, conclusions, judgments, and/or legal theories. An attorney's work product is reflected "in interviews,

8

statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways ..." *Hickman v. Taylor,* 329 U.S. 495, 511 (1947). Work product is protected to ensure that a lawyer can "work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel" and to allow the attorney to "assemble information, sift what he considers to be relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Id.* at 510, 511. Absent stringent protection for work-product, "[i]nefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial," all to the detriment of clients and "the cause of justice." *Id.* at 511. Under the work-product rule, codified at Federal Rule of Civil Procedure 26(b)(3), "an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation." *In re Doe,* 662 F.2d 1073, 1077 (4th Cir. 1981), *cert. denied,* 455 U.S. 1000 (1982). Opinion work product, since it represents the thoughts and impressions of the attorney, is vigilantly protected. As explained in *In re Doe,* "'[a]n attorney's thoughts are inviolate, ... and courts should proceed cautiously when requested to adopt a rule that would have an inhibitive effect on an attorney's freedom to express and impressions as opinion without fear of having these impressions and opinions used against the client.'" 662 F.2d at 1080. As a result, "opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *In re Grand Jury Proceedings,* 33 F.3d 342, 348 (4th Cir. 1994); *see also In re Doe,* 663 F.2d at 1079, 1080. Such an intrusion into Plaintiffs' privileged information is not warranted here.

Plaintiffs further object because Defendants claim there are as many as 10,000 leases or more in the "putative class". There exists no prohibition in a class action representative nor class counsel for representation because one putative class member is known by the attorney, has been previously represented by the attorney, has been sometime previously a commissioner or guardian ad litem in some unknown case as far as Defendants know. Defendants' interrogatory is therefore another fishing expedition that Defendants know is nothing more than harassment of Plaintiff parties and their attorneys in this case.

Subject to the objections stated herein and without waiving said objections, due to the infancy of the discovery, it is unknown at this time who the members of the "putative class" are and therefore, it is impossible for Plaintiffs to answer this request for production. In an effort to be responsive, without waiving said objections and further, Marvin W. Masters and The Masters Law Firm is a litigation law firm.

Additionally, to the best of Plaintiffs' knowledge, none, with the exception of the Glover Lease which has previously been produced in discovery, and with the exception that from approximately January 2013 until June 2016 Roger Cutright worked for Stone Energy as a land manager and from approximately December 2013 until June 2016 worked for Stone Energy as special counsel. In his role as legal counsel, Roger executed various oil and gas leases for Stone Energy. Plaintiffs understand that EQT purchased certain oil and gas leases from Stone Energy. Plaintiffs have requested that EQT produce the stone Energy leases EQT purchased, but EQT has not yet produced those leases. Until such time as EQT produces those leases, Plaintiffs are unable to identify which of those leases Roger may have been involved in on behalf of Stone Energy.

## REQUEST FOR PRODUCTION NO. 3:

Deeds, assignments, leases, and/or deeds of trusts executed, negotiated, or drafted by Plaintiffs' Counsel, Eric Gordon, in his capacity as City Attorney for the City of Benwood.

### RESPONSE:

Objection. The Interrogatory seeks information which is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. The Interrogatory is also incapable of a meaningful response because putative class members have not yet been identified.

Plaintiffs also object as this Request for Production is unreasonably burdensome or would operate to annoy, oppress, unduly burden or unduly cause expense to the Plaintiffs, or would be unduly vexatious or unduly burdensome to respond to or would require the Plaintiffs to engage in investigative efforts burdensome to the point of oppression on the ground that said discovery request exceeds the permissible scope of discovery.

Plaintiffs object based on attorney client privilege. The following documents and things are included, but not exhaustive in the scope of this objection:

(5) Documents relating to communications between the Plaintiffs and their counsel with the exception of confidentiality either in the contemplation of employment or after employment relating to the subject matters of this case, including client's diaries, counsel's case intake sheet, letters, and memos or oral communications.
(6) Information communicated between the Plaintiffs and their counsel with the expectations of confidentiality either in the contemplation of employment or after employment relating to the subject matter of this case. There has been no waiver of privilege by disclosure to persons not subject to the privilege.

Plaintiffs further object to Defendants' Request for Production No. 3 inasmuch as it seeks to invade attorney-client privilege and the work product doctrine. Plaintiffs are not attorneys and, accordingly, this Request seeks to invade the attorney-client privilege. Further, this Request does not seek facts from Plaintiffs, but seeks Plaintiffs' counsels' legal theories, trial strategy and mental impressions. It does not seek underlying facts that would shed light on class certification issues, but rather Plaintiffs' counsels' legal strategies. It seeks information concerning how Plaintiffs' attorneys will put facts together to support their motion for class certification. The only purpose of this Request is to learn Plaintiffs' counsels' mental impressions, opinions, conclusions, judgments, and/or legal theories. An attorney's work product is reflected "in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways ..." *Hickman v. Taylor,* 329 U.S. 495, 511 (1947). Work product is protected to ensure that a lawyer can "work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel" and to allow the attorney to "assemble information, sift what he considers to be relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Id.* at 510, 511. Absent stringent protection for work-product, "[i]nefficiency, unfairness and sharp practices

10

would inevitably develop in the giving of legal advice and in the preparation of cases for trial," all to the detriment of clients and "the cause of justice." *Id.* at 511. Under the work-product rule, codified at Federal Rule of Civil Procedure 26(b)(3), "an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation." *In re Doe,* 662 F.2d 1073, 1077 (4th Cir. 1981), *cert. denied,* 455 U.S. 1000 (1982). Opinion work product, since it represents the thoughts and impressions of the attorney, is vigilantly protected. As explained in *In re Doe,* "'[a]n attorney's thoughts are inviolate, ... and courts should proceed cautiously when requested to adopt a rule that would have an inhibitive effect on an attorney's freedom to express and impressions as opinion without fear of having these impressions and opinions used against the client.'" 662 F.2d at 1080. As a result, "opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *In re Grand Jury Proceedings,* 33 F.3d 342, 348 (4th Cir. 1994); *see also In re Doe,* 663 F.2d at 1079, 1080. Such an intrusion into Plaintiffs' privileged information is not warranted here.

However, subject to and without waiving the preliminary objections and objections stated herein, Plaintiffs State that to the best of their knowledge, Eric Gordon has not executed, negotiated, or drafted an oil and gas lease in his capacity as City Attorney for the City of Benwood which is part of the putative class.

## **REQUEST FOR PRODUCTION NO. 4**:

Deeds, assignments, leases, and/or deeds of trust or any proposed deeds, assignments, leases, and deeds of trust that any of Plaintiffs' Counsel drafted, revised, or negotiated on Your behalf.

### **RESPONSE**:

Plaintiffs object as this Request for Production is unreasonably burdensome or would operate to annoy, oppress, unduly burden or unduly cause expense to the Plaintiffs, or would be unduly vexatious or unduly burdensome to respond to or would require the Plaintiffs to engage in investigative efforts burdensome to the point of oppression on the ground that said discovery requests exceeds the permissible scope of discovery.

Plaintiffs object based on attorney client privilege. The following documents and things are included, but not exhaustive in the scope of this objection:
- (7) Documents relating to communications between the Plaintiffs and their counsel with the exception of confidentiality either in the contemplation of employment or after employment relating to the subject matters of this case, including client's diaries, counsel's case intake sheet, letters, and memos or oral communications.
- (8) Information communicated between the Plaintiffs and their counsel with the expectations of confidentiality either in the contemplation of employment or after employment relating to the subject matter of this case. There has been no waiver of privilege by disclosure to persons not subject to the privilege.

11

Plaintiffs further object to Defendants' Request for Production No. 4 inasmuch as it seeks to invade attorney-client privilege and the work product doctrine. Plaintiffs are not attorneys and, accordingly, this Request seeks to invade the attorney-client privilege. Further, this Request does not seek facts from Plaintiffs, but seeks Plaintiffs' counsels' legal theories, trial strategy and mental impressions. It does not seek underlying facts that would shed light on class certification issues, but rather Plaintiffs' counsels' legal strategies. It seeks information concerning how Plaintiffs' attorneys will put facts together to support their motion for class certification. The only purpose of this Request is to learn Plaintiffs' counsels' mental impressions, opinions, conclusions, judgments, and/or legal theories. An attorney's work product is reflected "in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways ..." *Hickman v. Taylor,* 329 U.S. 495, 511 (1947). Work product is protected to ensure that a lawyer can "work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel" and to allow the attorney to "assemble information, sift what he considers to be relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference." *Id.* at 510, 511. Absent stringent protection for work-product, "[i]nefficiency, unfairness and sharp practices would inevitably develop in the giving of legal advice and in the preparation of cases for trial," all to the detriment of clients and "the cause of justice." *Id.* at 511. Under the work-product rule, codified at Federal Rule of Civil Procedure 26(b)(3), "an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation." *In re Doe,* 662 F.2d 1073, 1077 (4th Cir. 1981), *cert. denied,* 455 U.S. 1000 (1982). Opinion work product, since it represents the thoughts and impressions of the attorney, is vigilantly protected. As explained in *In re Doe,* "'[a]n attorney's thoughts are inviolate, ... and courts should proceed cautiously when requested to adopt a rule that would have an inhibitive effect on an attorney's freedom to express and impressions as opinion without fear of having these impressions and opinions used against the client.'" 662 F.2d at 1080. As a result, "opinion work product enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances." *In re Grand Jury Proceedings,* 33 F.3d 342, 348 (4th Cir. 1994); *see also In re Doe,* 663 F.2d at 1079, 1080. Such an intrusion into Plaintiffs' privileged information is not warranted here.

Plaintiffs further object because Defendants claim there are as many as 10,000 leases or more in the "putative class". There exists no prohibition in a class action representative nor class counsel for representation because one putative class member is known by the attorney, has been previously represented by the attorney, has been sometime previously a commissioner or guardian ad litem in some unknown case as far as Defendants known. Defendants' interrogatory is therefore another fishing expedition that Defendants know is nothing more than harassment of Plaintiff parties and their attorneys in this case.

Subject to the objections stated herein and without waiving said objections, The Masters Law Firm and Marvin W. Masters is a litigation law firm and did not assist in drafting, revising or negotiating Goshorn Ridge or the Glover's leases.

However, please see the Glover Lease which is the subject of this action and which has been previously produced in discovery.

# PLAINTIFFS ANSWERS TO EQT DEFENDANTS' SECOND REQUEST FOR ADMISSIONS ON ADEQUACY

## REQUEST FOR ADMISSION NO. 1:

Admit the named class representatives in the *W. Va. American Water* Litigation, Karla Rae and Keith Morgan, are household members and/or tenants of Plaintiffs' Counsel, Mr. Marvin Masters.

### ANSWER:

Plaintiffs object to discovery of the above inasmuch as it seeks information irrelevant and distracting to the real issues in this case. Federal Rule of Civil Procedure 23(a) requires that the "representative parties ... fairly and adequately protect the interests of the class." This inquiry focuses on two factors: (a) the qualifications, experience and conduct of plaintiffs' counsel and (b) the interest and involvement of the named plaintiffs in the litigation. *Wetzel v. Liberty Mutual Insurance Co.,* 508 F.2d 239, 247 (3rd Cir. 1975). The adequacy requirement "is met if Plaintiff's interests are not antagonistic to the interests of the proposed class, *see Broussard v. Meineke,* 155 F.3d 331, 337-338 (4th Cir. 1999), and Plaintiff's attorneys are qualified and have experience with class actions and complex litigation. *See Sosna v. Iowa,* 419 U.S. 393, 403, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) (footnote omitted). "Most courts recognize that far-flung discovery on the adequacy of representation of the plaintiff and class counsel is usually unsuccessful because of the highly questionable relevance of the discovery details sought. Furthermore, such discovery has mischievous effects of large capability of harassment and oppression of the class representatives, as well as serious dilatory effects of deferring court consideration of the merits of the controversy. As one court noted, weakly supported attacks on the credibility and qualifications of the named plaintiff as well as the ethical conduct of the plaintiffs' counsel, under the semblance of concern for the adequate representation of absent class members, 'distract parties from the real issues at hand and create an atmosphere of ill-will not conducive to the proper conduct of a complex action such as this where cooperation among counsel is especially necessary...'." 5 Newberg on Class Actions § 15:30 (4th ed.), citing *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.,* 657 F.2d 890, 895 (7th Cir. 1981) ("[I]t is often the defendant, preferring not to be successfully sued by anyone, who supposedly undertakes to assist the court in determining whether a putative class should be certified. When it comes, for instance, to determining whether 'the representative parties will fairly and adequately protect the interests of the class,' or the plaintiffs' ability to finance the litigation, it is a bit like permitting a fox, although with pious countenance, to take charge of the chicken house."); *Franklin v. Ernst,* 98 F.R.D. 478 (N.D. Ohio 1983) (a court must be wary of a defendant's efforts to defeat representation of a class on grounds of inadequacy); *Ridings v. Canadian Imperial Bank of Commerce Trust Co.(Bahamas), Ltd.,* 94 F.R.D. 147, 154 (N.D. Ill. 1982); *Sley v. Jamaica Water & Utilities, Inc.,* 77 F.R.D 391, 394 (E.D. Pa. 1977) (defendants are realistically not concerned with the 'best' representation for the plaintiff class); *Clark v. Cameron-Brown Co.,* 72 F.R.D. 48, 55 (M.D. N.C. 1976); *Umbriac v. American Snacks, Inc.,* 388 F.Supp. 265, 275 (E.D. Pa. 1975).

Plaintiffs object as this Request for Admission as it is unreasonably burdensome or would operate to annoy, oppress, unduly burden or unduly cause expense to the Plaintiffs, or would be unduly vexatious or unduly burdensome to respond to or would require the Plaintiffs to engage in investigative efforts burdensome to the point of oppression on the ground that said discovery requests exceeds the permissible scope of discovery.

Plaintiff also objects to discovery of this information inasmuch as it seeks information beyond the scope of what is relevant here. While some courts have expressed concern when proposed class representatives have a "close familial relationship' to class counsel where such representatives may be more interested in ensuring counsel's fee than in protecting the class's interests, no such relationship or circumstances exists here. *See* 1 Newberg on Class Actions §§ 3:70; 3:77 (5th ed.). According to the case law a "close familial relationship" in this respect would be a first degree relative that has financial ties with class counsel. *See Eubank v. Pella Corp.*, 753 F.3d 718, 723–24, 88 Fed. R. Serv. 3d 920 (7th Cir. 2014) ((noting that "it was improper for the lead class counsel to be the son-in-law of the lead class representative"); *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1255, 56 Fed. R. Serv. 3d 506 (11th Cir. 2003) ("[B]ecause the personal and financial ties between [the representative] and [class counsel] are very close, and because [counsel's] recovery will vastly exceed what any of the class members will receive, we conclude that [the class representative] cannot fairly and adequately represent the class."); *Woods v. Google LLC*, 2018 WL 4030570, at *6 (N.D. Cal. 2018) (finding a class representative inadequate when he also served as an equity partner in class counsel's firm and had a stake, direct and indirect, in attorney's fees); *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 299 F. Supp. 3d 430, 566, 2018-1 Trade Cas. (CCH) ¶ 80313 (S.D. N.Y. 2018) (finding corporate class representative to be inadequate when its CEO was the father of a man being paid 15% of interim class counsel's fee award); *Wexler v. AT & T Corp.*, 323 F.R.D. 128, 131, 99 Fed. R. Serv. 3d 1907 (E.D. N.Y. 2018) (striking class allegations because proposed class representative was spouse of former class counsel who had reserved right to seek a quantum meruit fee award from the class recovery, from which spouse would benefit); *McDonough v. Toys R Us, Inc.*, 638 F. Supp. 2d 461, 478, 2009-2 Trade Cas. (CCH) ¶ 76675 (E.D. Pa. 2009) (finding a class representative inadequate because she was the sister of class counsel and noting that "[c]ourts sometimes express concern about close relationships between class representatives and counsel because it might create the appearance of impropriety or the plaintiff might want to maximize the counsel's fee award to the detriment of class members"); *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 2017 WL 985640, at *13 (D. Conn. 2017), vacated and remanded, 897 F.3d 88, 101 Fed. R. Serv. 3d 318 (2d Cir. 2018) (finding that a pre-existing non-intimate, nonfinancial relationship between the named plaintiff and class counsel did not create a "fundamental conflict" with the other class members), vacated and remanded on other grounds, *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 101 Fed. R. Serv. 3d 318 (2d Cir. 2018); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 49 Env't. Rep. Cas. (BNA) 1972, 45 Fed. R. Serv. 3d 948, 30 Envtl. L. Rep. 20259 (8th Cir. 1999) (holding that district court did not abuse its discretion by disqualifying one of class counsel, along with all members of her firm, when two of the class representatives were her husband and sister-in-law, but stating that "we do not hold that a close familial relationship between a class counsel and a class representative necessarily calls for disqualification"); *Zylstra v. Safeway Stores, Inc.*, 578 F.2d 102, 1978-2 Trade Cas. (CCH) ¶ 62181, 25 Fed. R. Serv. 2d 1460 (5th Cir. 1978) (firm representing class disqualified as class counsel when firm attorney's wife was the named plaintiff); *Werlinger v. Champion Healthcare*

14

*Corp.*, 1999 ND 173, 598 N.W.2d 820, 827–28, 139 Lab. Cas. (CCH) P 58750 (N.D. 1999) (stating that when there is a close familial relation between class representative and counsel, "[t]he primary concern in these cases is whether there is a threat the class representative may have an interest in the attorneys' fees the class counsel may ultimately receive," but holding in the instant case that class counsel and representative were both adequate even though they were husband and wife); *In re Greenwich Pharmaceuticals Securities Litigation*, Fed. Sec. L. Rep. (CCH) P 98022, 1993 WL 436031, at *2 (E.D. Pa. 1993) (finding adequacy despite fact that proposed representative was the father of one of the attorneys, stating that "[t]here is no indication that Hoffman has relied or will heavily rely on his son nor that he stands to benefit from fees his son may receive"). Plaintiffs, without waiving the above explanation and objections, state that the water class action was prosecuted and settled in Federal Court in Charleston, Honorable Judge Copenhaver presiding. Mr. Morgan was not appointed a class representative of that case but was a class member only for settlement purposes and was awarded a sum of money based upon his exposure to chemicals in water. The West Virginia Water case was removed to Federal Court and was not remanded to state Court. Further, whether Karla Rae and Keith Morgan, are household members and/or tenants of Plaintiffs' Counsel, Mr. Marvin Masters, is irrelevant as to adequacy of counsel to be class counsel in this case at bar and would not lead to discoverable evidence related to adequacy of counsel in this case.

Subject to and without waiving the objections, Plaintiff denies that Karla Rae and Keith Morgan were class representatives in the certified class, West Virginia American Water litigation and denies that they were household members of Marvin W. Masters or are related by blood or marriage to Marvin W. Masters.

        WILLIAM D. GLOVER and LINDA K.
        GLOVER, his wife; RICHARD A. GLOVER,
        and CHRISTY L. GLOVER, his wife; and
        GOSHORN RIDGE, LLC, Individually,
        and on Behalf of All Others Similarly Situated,

        By Counsel

*/s/ Marvin W. Masters*
Marvin W. Masters (W.Va. Bar# 2359)
Richard A. Monahan (W.Va. Bar# 6489)
**The Masters Law Firm LC**
181 Summers Street
Charleston, West Virginia 5301
mwm@themasterslawfirm.com


Robert J. Fitzsimmons (W.Va. Bar #9656)
Mark Colantonio (W.Va. Bar #4238)
Donald M. Kresen (W.Va. Bar #4270)
**Fitzsimmons Law Firm PLLC**

15

1609 Warwood Avenue
Wheeling, West Virginia 26003
Email: rocky@fitzsimmonsfirm.com
Email: mark@fitzsimmonsfirm.com
Email: don@fitzsimmonsfirm.com

Eric M. Gordon (WV Bar# 6897)
**Berry, Kessler, Crutchfield, Taylor & Gordon**
514 Seventh Street
Moundsville, West Virginia 26041
Email: egordon@bkctg.com

Roger L. Cutright (W.Va. Bar# 7152)
Andrew R. Cutright (W.Va. Bar# 11652)
**Cutright Law PLLC**
455 Suncrest Towne Centre, Suite 201
Morgantown, West Virginia 26505
rlcutright@cutrightlawwv.net

Ethan Vessels (W. Va Bar #9543)
**Fields, Dehmlow & Vessels, LLC**
309 Second Street
Marietta, Ohio 45750
ethan@fieldsdehmlow.com

F:\5\1028\d011.docx

16