# Exhibit 4

# M⶜KⶭⶭL Sⶅⶅⶅⶅ

McKOOL SMITH

Lauren Varnado
Direct Dial:  (713) 485-7311
lvarnado@McKoolSmith.com

Telephone: (713) 485-7300
Facsimile: (713) 485-7344

August 4, 2021

*Via Email*

Robert J. Fitzsimmons, Esquire
Mark Colantonio, Esquire
Fitzsimmons Law Firm PLLC
rocky@fitzsimmonsfirm.com
mark@fitzsimmonsfirm.com

Roger L. Cutright, Esquire
Andrew Cutright, Esquire
Cutright Law PLLC
rlcutright@cutrightlawwv.net
arcutright@cutrightlawwv.net

Eric M. Gordon, Esquire
Berry, Kessler, Crutchfield, Taylor & Gordon
egordon@bkctg

Marvin W. Masters, Esquire
The Masters Law Firm LC
mwm@themasterslawfirm.com

Ethan Vessels, Esquire
Fields, Dehmlow & Vessels, LLC
ethan@fieldsdehmlow.com

RE:   *William D. Glover, et al. v. EQT Corporation, et al.,* Case No: 5-19-CV-00223;
In the U.S. District Court for the Northern District of West Virginia

Dear Counsel:

On behalf of Defendants EQT Corporation, EQT Production Company, EQT Energy, LLC, EQT Gathering, LLC, and EQM Midstream Partners, LP (collectively, "Defendants"), we write to request to meet and confer regarding Plaintiffs Goshorn Ridge ("Goshorn"), William D. Glover, Linda K. Glover, Richard A. Glover, and Christy L. Glover's (collectively, the "Glover Plaintiffs," and together with Goshorn, the "Plaintiffs") Answers and Responses to Defendants' Second Set of Interrogatories, Requests for Production ("RFP"), and Requests for Admissions on Adequacy Under FRCP 23(a)(4) to All Plaintiffs (the "Responses") in the above-referenced matter.

As detailed below, Plaintiffs' specific objections to RFP No. 1 do not justify Plaintiffs' refusal to produce responsive documents.

- **RFP No. 1: Documents between any plaintiff in the *Huey* Litigation and Plaintiffs' Counsel, Mr. Marvin Masters, prior to certification of the class in the *Hamric* Litigation, including, but not limited to, the following Communications:**

    (a)   **March 15, 2016 Correspondence from Marcus Huey to Marvin Masters;**

    (b)   **April 6, 2016 E-mail from Marcus Huey to Marvin Masters and Matt Perry;**

**McKool Smith**
**A Professional Corporation • Attorneys**
**Austin  |  Dallas  |  Houston  |  Los Angeles  |  Marshall  |  New York  |  Washington**

NG-9J84MDUI 4830-9156-3248v3

      **(c)**      **April 18, 2016 E-mail from Marcus Huey to Marvin Masters and Matt Perry;**

      **(d)**      **June 3, 2016 Correspondence from Marcus Huey to Marvin Masters; and**

      **(e)**      **June 15, 2016 E-mail from Marcus Huey to Marvin Masters (and others).**

In response to RFP No. 1, Plaintiffs object on the basis of relevance and privilege. Defendants, however, request Plaintiffs Counsel's communications with individuals represented by different counsel in a different lawsuit against Defendants—not Plaintiffs Counsel's communications with his clients in this or any other action where he was retained.

In 2016, when Plaintiffs' Counsel, Mr. Masters, corresponded with Marcus Huey, he was representing the named plaintiffs in *Hamric*. *See, e.g.*, Pls.' Resp. to Defs.' Joint Objections, *The Kay Co., LLC v. EQT Prod. Co.*, No. 1:13-CV-151 (N.D.W. Va. Feb. 4, 2016). No class had been certified when Mr. Masters and Marcus Huey exchanged the communications requested in RFP No. 1. As this Court noted in its recent order, ***no attorney-client relationship exists between class counsel and the putative members of the class prior to class certification***. *See* Order Denying Discovery From Absent Putative Class Members [ECF No. 110], at 11 (emphasis added); *see also In re Wells Fargo Wage and Hour Employment Practice Litigation (No. III)*, No. H-11-2266, 2014 WL 1882642, at *5 (S.D. Tex. May 12, 2014) (A "client-lawyer relationship with a potential member of the class does not begin until the class has been certified and the time for opting out by a potential member of the class has expired."); *Vallone v. CNA Fin. Corp.*, No. 98-C-7108, 2002 WL 1726524, *1 (N.D. Ill. Mar. 19, 2002) (holding that the attorney-client privilege did not attach between putative class counsel and putative class members and granting defendants' motion to compel supplemental discovery of questionnaires); *Hammond v. City of Junction City, Kansas*, 167 F. Supp. 2d 1271, 1286 (D. Kan. 2001) ("It is fairly well-settled that prior to class certification, no attorney-client relationship exists between class counsel and the putative class members."); *Schick v. Berg*, 430 F.3d 112, 116-17 (2d. Cir. 2005) (holding that, for malpractice purposes, unnamed class members are not clients of class counsel until the class is certified).

Plaintiffs direct Defendants to the responses filed by Plaintiffs' Counsel in the *Huey* Litigation, but those responses do not support Plaintiffs' objections to RFP No. 1. ***First***, the requested communications between Mr. Masters and Marcus Huey (and others) are relevant as they "relate[ ] to EQT's payments, or lack thereof, for their natural gas holdings." *See* The Masters Law Firm LC's Reply (attached as Exhibit 1), at 1. ***Second***, "neither [Mr. Marvin Masters] nor the law firm ever agreed to represent [the *Huey* plaintiffs]." *Id.* As such, the requested communications are not subject to the attorney-client or work product privilege.

Plaintiffs' Counsel states that he was "considering" representing the *Huey* plaintiffs in 2016, but neither Mr. Masters nor his law firm could have represented, consulted with, and/or provided legal advice to individual EQT lessors, *i.e.*, Marcus Huey, about potential claims against EQT and/or royalty payments without creating an intra-class conflict in the *Hamric* Litigation.

Consequently, one of two things is true—either: (1) Marcus Huey and Plaintiffs' Counsel did not have an attorney-client relationship in the Spring/Summer of 2016 and the communications requested in RFP No. 1 are not privileged; or (2) Plaintiffs' Counsel created an

intra-class conflict by consulting with Marcus Huey—a then-putative class member who contends that his lease terminated—and Plaintiffs' Counsel did not disclose his separate representation of Marcus Huey and the conflict created thereby to the Court or his *Hamric* clients prior to certification of the class.

Even assuming *arguendo* that Plaintiffs' Counsel and Marcus Huey had an attorney-client relationship in the summer of 2016 (they did not) and that Mr. Masters provided legal advice in the requested communications, the attorney-client privilege was waived by the disclosure of the communications to third-parties, including Dianne Lutz, Dina West Stewart and Dora Kay Grubb, among others. Plaintiffs cannot prevent Defendants from discovering non-privileged communications between putative class members and Plaintiffs' Counsel in the prior class action against Defendants.

Plaintiffs' relevance objection to RFP No. 1 is similarly misplaced. Federal precedent is clear that putative class counsel's conduct in other class action cases—including violations of professional rules and ethics—should be considered by this Court in testing the adequacy of representation by Plaintiffs' Counsel under FRCP 23(a)(4) in this case. *See, e.g., Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011), as modified, (Sept. 22, 2011) (affirming district court's finding that putative class counsel was inadequate based, in part, on counsel's lack of diligence and "faulty discovery efforts" in a prior class action); *see also Sharp Farms v. Speaks*, 917 F.3d 276, 293–94 (4th Cir. 2019) (discussing putative class counsel's violations of professional rules and ethics in assessing adequacy of representation under FRCP 23(a)(4)).

Defendants reiterate their request for documents responsive to RFP No. 1 and ask Plaintiffs to confirm that they will produce all non-privileged documents and communications responsive to RFP No. 1, including the identified communications with the *Huey* plaintiffs, before August 30, 2021.

Please let us know a time to discuss. If the above dispute cannot be resolved, Defendants will be forced to seek the Court's intervention to ensure compliance with their requests.

Sincerely,

Lauren Varnado

Cc:     Jennifer J. Hicks, jhicks@babstcalland.com
        Mark Dausch, mdausch@babstcalland.com
        David Dehoney, ddehoney@mckoolsmith.com
        Jonathan Koppell, jkoppell@mckoolsmith.com
        Steve Page, spage@mckoolsmith.com